# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| ROBERT JOSEPH FIORE, II,<br><br>      Plaintiff,<br><br>vs.<br><br>DREW, et al.,<br><br>      Defendants. | No. C14-4007-MWB<br><br>***REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*** |

## *I.    INTRODUCTION*

Plaintiff Robert Joseph Fiore, II (Fiore), commenced this lawsuit on January 21, 2014, by filing a pro se motion (Doc. No. 1) for leave to proceed in forma pauperis. After that motion was granted (Doc. No. 6), Fiore's complaint (Doc. No. 7) was filed on April 24, 2014. The complaint seeks damages pursuant to 42 U.S.C. § 1983 for the alleged deprivation of Fiore's constitutional rights and names a series of individual defendants (mostly by either first or last name only), along with the Woodbury County Sheriff's Department (WCSD). The defendants have provided the following additional information about the individually-named parties:

1. Defendant David Drew is the Sheriff of Woodbury County.

2. Defendant Todd Wieck is employed by Woodbury County as a Major in the WCSD.

3. Defendant Greg Stallman is employed by Woodbury County as a Major in the WCSD.

4. Defendant Lynette Phillips is employed by Woodbury County as a Lieutenant and Jail Administrator of the Woodbury County Jail (Jail).

5. Defendants Larry and George are nurses at the Jail.

6. Defendant Brigid Delaney is employed by Woodbury County as a corrections officer at the Jail.

Doc. No. 17-1 at 1-2.

Fiore alleges that while confined at the Jail: (1) he was subjected to verbal sexual harassment, (2) his grievances were ignored or otherwise denied and (3) the Jail failed to provide him with the proper medical care for diabetes, various mental disorders and lingering injuries associated with a past motorcycle accident. He alleges violations of his rights under the First, Eighth and Fourteenth Amendments to the United States Constitution.

On September 22, 2014, defendants filed a motion (Doc. No. 17) for summary judgment as to all of Fiore's claims. They contend summary judgment is appropriate because (1) Fiore failed to exhaust available administrative remedies, (2) Fiore cannot create a genuine issue of material fact regarding any of his claims, (3) the individual defendants are entitled to qualified immunity and (4) defendant WCSD is not subject to liability under Section 1983. On October 21, 2014, Fiore filed a letter (Doc. No. 19) that states various reasons for resisting the motion. Fiore attached some documents to the letter and submitted additional documents separately (Doc. No. 20). Defendants then filed a reply (Doc. No. 21) on October 31, 2014.

The Honorable Mark W. Bennett has referred the motion to me for the preparation of a report and recommended disposition. No party has requested oral argument and, in any event, I find that oral argument is not necessary. *See* N.D. Ia. L.R. 7(c). The motion is fully submitted and ready for decision.

## II. UNDISPUTED FACTS

The defendants filed a statement of material undisputed facts (Doc. No. 17-1). Fiore did not file a response, as required by Local Rule 56(b)(2).[1] Thus, Fiore is deemed to have admitted each of the facts set forth in the defendants' statement. N.D. Ia. L.R. 56(b). Those facts include the following:

Fiore was incarcerated at the Jail from January 11, 2013, until April 12, 2013, when he was transferred to the Rowan County Detention Center in Salisbury, North Carolina, for pending criminal charges in that state. Fiore completed and signed an "Inmate Medical Screening Form" when he was booking into the Jail on January 11, 2013. Among other things, he indicated that he did not have diabetes, was not currently on any medication, had no injuries, did not need to see a mental health professional, had reviewed his answers carefully and had answered all questions correctly.

At all times material to this action an inmate grievance policy was in effect at the Jail. The policy consisted of Section 5.19(2) of the "Woodbury County Sheriff's Office–Jail Division Procedures and Guidelines," which stated: "The [correctional] officer should advise the inmate [with a grievance of significance] that the grievance must be in written form and a full explanation be given." The policy also consisted of the "Woodbury County Jail Inmate Rule Book" (the "Rule Book"), which contained the inmate grievance procedure. Copies of the Rule Book were provided in each cell block. Fiore had access to the Rule Book while he was incarcerated at the Jail.

The Rule Book permitted inmates to submit informal and formal grievances. An informal grievance consisted of an inmate discussing the specific problem with a staff member. The Rule Book further provided that if the inmate believed appropriate actions

---

[1] Local Rule 56(b)(2) requires that a party resisting a motion for summary judgment file, among other things: "A response to the statement of material facts in which the resisting party expressly admits, denies, or qualifies each of the moving party's numbered statements of fact."

were not taken to address the grievance, the inmate could submit a formal grievance to the Jail Administrator. Formal grievances were to be in writing and submitted within seven days of the occurrence that was the subject of the grievance. Written grievances were required to "[c]learly define the situation in question, and the facts upon which it is based; [s]pecify the wrongful act or situation, and describe the harm done; . . . and [s]pecify a requested remedy."

The Jail retains all letters and other correspondence, including grievances, from inmates to Jail personnel. Each item of correspondence from inmates to Jail personnel is known as a "kite." A copy of each kite is placed in the inmate's file maintained by the Jail. Fiore submitted kites while at the Jail. However, none of those kites included complaints regarding the Jail's alleged failure to provide medication for Fiore's alleged diabetes, various mental disorders or past injuries related to a motorcycle accident. Nor did any of the kites contain a request for an extra mattress. One kite, addressed to defendant Drew, mentioned that Fiore wanted to discuss "sexual harassment by a male nurse." However, that kite did not identify the nurse, provide factual details about the incident or state the date on which the incident occurred.

While Fiore alleges in his complaint that he wrote eleven letters to defendant Phillips, he admits that each letter requested only an extra mattress. Moreover, Fiore's complaint admits that during a meeting with Phillips, Fiore stated "All I needed was a [sic] extra 'matteress' [sic] . . . ." Finally, Fiore's complaint admits that the Jail did, in fact, provide him with an extra mattress.

### III. SUMMARY JUDGMENT STANDARDS

Any party may move for summary judgment regarding all or any part of the claims asserted in a case. Fed. R. Civ. P. 56(a). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the

4

moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one that "'might affect the outcome of the suit under the governing law.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "the substantive law will identify which facts are material." *Id*. Facts that are "critical" under the substantive law are material, while facts that are "irrelevant or unnecessary" are not. *Id*.

An issue of material fact is genuine if it has a real basis in the record, *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), or when "'a reasonable jury could return a verdict for the nonmoving party' on the question." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson*, 477 U.S. at 248). Evidence that only provides "some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, or evidence that is "merely colorable" or "not significantly probative," *Anderson*, 477 U.S. at 249-50, does not make an issue of material fact genuine.

As such, a genuine issue of material fact requires "sufficient evidence supporting the claimed factual dispute" so as to "require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 248-49. The party moving for entry of summary judgment bears "the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel*, 953 F.2d at 395 (citing *Celotex*, 477 U.S. at 323). Once the moving party has met this burden, the nonmoving party must go beyond the pleadings and by depositions, affidavits, or otherwise, designate specific facts showing that there is a genuine issue for trial. *Mosley v. City of Northwoods,* 415 F.3d 908, 910 (8th Cir. 2005). The nonmovant must show an alleged issue of fact is genuine and material as it relates to the substantive law. If a party fails to make a sufficient showing

5

of an essential element of a claim or defense with respect to which that party has the burden of proof, then the opposing party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

In determining if a genuine issue of material fact is present, I must view the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587-88. Further, I must give the nonmoving party the benefit of all reasonable inferences that can be drawn from the facts. *Id.* However, "because we view the facts in the light most favorable to the nonmoving party, we do not weigh the evidence or attempt to determine the credibility of the witnesses." *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004). Instead, "the court's function is to determine whether a dispute about a material fact is genuine." *Quick v. Donaldson Co., Inc.*, 90 F.3d 1372, 1376-77 (8th Cir. 1996).

## IV.   ANALYSIS

### A.   *Did Fiore Fail to Exhaust The Mandatory Administrative Remedies?*

Defendants contend Fiore's claims fail as a matter of law because he did not exhaust all available remedies prior to filing his lawsuit. They contend that under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e (PLRA), Fiore was required to submit written grievances regarding any allegations of mistreatment and to follow the Jail's specified procedures for doing so.

The PLRA governs actions regarding prison conditions brought pursuant to 42 U.S.C. § 1983 or any other federal law. 42 U.S.C. § 1997e(a). Among other things, PLRA states that no such action may be brought "until such administrative remedies as are available are exhausted." *Id.* This exhaustion requirement applies to any inmate lawsuit based on prison conditions, regardless of whether the lawsuit revolves around general circumstances or particular incidents and whether the lawsuit alleges excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). It requires

that all prisoner-plaintiffs must first exhaust all available administrative remedies prior to bringing a lawsuit. *Id.* Failure to exhaust all available administrative remedies is grounds for mandatory dismissal. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000). The available remedies must be properly exhausted in compliance with all prison grievance procedures, deadlines or preconditions. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The prison's requirements for grievance procedures, not the PLRA, define the specific remedies that must be exhausted and the manner for doing so. *Id.; see also King v. Iowa Dep't of Corr.*, 598 F.3d 1051, 1053-54 (8th Cir. 2010). Failure to exhaust remedies is an affirmative defense. *Jones,* 549 U.S. at 216.

Upon careful review of the record, including the Rule Book and Fiore's prisoner file, I find that Fiore failed to properly exhaust all available remedies for the allegations described in his complaint and addendum. The Rule Book outlines the procedure for filing grievances regarding violations of civil rights, criminal acts, unjust denial or restriction of inmate privileges and prohibited acts by facility staff. Doc No. 17-3 at 60 (App. p. 58). A formal grievance must, among other things: (a) be in writing, (b) describe the facts on which it is based, (c) be submitted within seven days of the alleged violation and (d) request a specific remedy. *Id.* at 61 (App. p. 59). The prisoner must include his or her signature and assigned cell number on all complaints or grievances. *Id.* To properly exhaust available remedies under the PLRA, Fiore had to comply with these guidelines and deadlines.

None of Fiore's grievances complained of any failure to provide medication for his alleged diabetes, mental disorders or past injuries related to a motorcycle accident. Nor did those grievances contain a request for an extra mattress.[2] While one kite directed to defendant Drew stated that Fiore wanted to discuss "sexual harassment by a male nurse," that kite did not identify the nurse, describe any facts surrounding the

---

[2] As noted above, Fiore admits that he was given an extra mattress while at the Jail. Doc. No. 7 at 27.

7

alleged harassment or state the date upon which it allegedly occurred. *Id*. at 69 (App. p. 67). Thus, his grievance on that issue did not "[c]learly define the situation in question, and the facts upon which it is based; [s]pecify the wrongful act or situation, and describe the harm done;" or "[s]pecify a requested remedy," as required by the Jail's grievance policy. *Id*. at 61 (App. p. 59).

Because Fiore did not properly exhaust all available remedies with regard to any of the claims described in his complaint, I recommend that defendants' motion for summary judgment be granted. However, because this is a Report and Recommendation that is subject to review by Judge Bennett, I will discuss the defendants' arguments concerning the merits of Fiore's claims.

### B. *Are There Genuine Issues Of Material Fact Concerning Fiore's Claims?*

In the alternative, defendants contend that even if Fiore complied with the PLRA, his claims fail as a matter of law. I will address his three claims separately.

#### 1. *Deprivation of Medical Care*

Fiore alleges that he repeatedly sought medication and an extra mattress due to various ailments and that the defendants violated his constitutional rights by denying his requests. To establish an Eighth Amendment claim of cruel and unusual punishment based on deprivation of medical care, an inmate must demonstrate deliberate indifference to a serious medical need. *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). The inmate must show both: (1) he or she suffered from an objectively serious medical need and (2) the prison official knew of that need yet deliberately disregarded it. *Id*. "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Id*. (quoting *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995)).

8

"The objective portion of the deliberate indifference standard requires a showing of 'verifying medical evidence' that the defendants ignored an acute or escalating situation or that delays adversely affected the prognosis given the type of injury in this case." *Dulany v. Carnahan*, 132 F.3d 1234, 1243 (8th Cir. 1997) (citing *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997), and *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995)). An inmate's bare assertion that he or she suffers from a serious medical need is insufficient evidence of a serious medical need. *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994); *see also Beyerbach*, 49 F.3d at 1326-27 (no showing of objective seriousness without medical evidence that a delay in treatment produced harm).

A prison official is deliberately indifferent to a serious medical need "if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Schaub*, 638 F.3d at 914-15. Deliberate indifference is equivalent to recklessness, which is "more blameworthy than negligence," but less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). An inmate's mere disagreement or displeasure with his course of medical treatment is not actionable. *Dulany*, 132 F.3d at 1241-42; *Bellecourt v. United States*, 994 F.2d 427, 431 (8th Cir. 1993). Thus, "[p]rison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). In other words, inmates "do not have a constitutional right to any particular type of treatment." *Id.*

With regard to the first prong, defendants have established as a matter of law that Fiore did not suffer from an objectively serious medical need. The "Inmate Medical Screening Form" that Fiore completed and signed at intake stated that he did not have diabetes, was taking no medications, was suffering from no injuries and had no need to see a mental health professional. Doc. No. 17-3 at 76-77 (App. pp. 74-75). By signing

9

the medical screening form, Fiore confirmed that he had carefully reviewed it and had correctly answered all questions. *Id.* at 77 (App. p. 75).

In addition to these admissions, Fiore has produced no "verifying medical evidence" that he was suffering from diabetes, various mental disorders or lingering injuries from a motorcycle accident while confined at the Jail.[3] *Dulany*, 132 F.3d at 1243. Even if Fiore had presented medical evidence that he suffered from these ailments, the record contains no evidence that they rose to the level of an "objectively serious medical need." Simply suffering from a condition does not establish that the condition was "diagnosed by a physician as requiring treatment" or that the need for treatment was "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos*, 73 F.3d at 176.

In short, Fiore has not generated a genuine issue of material fact with regard to the first prong of his deliberate indifference claim. Because the record does not permit a finding that he suffered from an objectively serious medical need while at the Jail, none of the defendants could have violated Fiore's constitutional rights by being deliberately indifferent to such a need. I recommend that defendants' motion for summary judgment on Fiore's Eighth Amendment claim be granted for this additional, alternative reason.

---

[3] One month after resisting the motion for summary judgment, Fiore filed a separate motion (Doc. No. 22) requesting that subpoenas for medical records be directed to certain health care providers. I will address that motion by separate order. For purposes of defendants' motion for summary judgment, I note that the request for subpoenas was untimely. Fiore's deadline for resisting the motion for summary judgment was October 16, 2014. *See* N.D. Ia. L.R. 56(b). If he believed discovery was necessary to support his resistance, he could have filed a motion to continue the summary judgment proceedings. *See* Fed. R. Civ. P. 56(d). He did not do so. Instead, he waited another month before requesting subpoenas for medical records. I find that Fiore waived the right to conduct discovery pursuant to Rule 56(d). Moreover, for the reasons set forth in this Report and Recommendation, I conclude that any medical records Fiore may have been able to obtain and add to the summary judgment record would not have changed my recommended outcome.

### 2. *Sexual Harassment*

Fiore contends that his constitutional rights were violated due to various comments that amounted to sexual harassment. "To prevail on a constitutional claim of sexual harassment, an inmate must . . . prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). Mere harassment, threats, or verbal abuse do not give rise to a constitutional claim. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (verbal threats); *Ellingberg v Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (name calling); *Risdal v. Martin*, 810 F. Supp. 1049, 1056 (S.D. Iowa 1993) (verbal taunts and harassment).

Absent physical contact, sexual harassment "does not constitute unnecessary and wanton infliction of pain" forbidden by the Eighth Amendment. *Howard v. Everett*, 208 F.3d 218, 2000 WL 268493, at *1 (8th Cir. Mar. 10, 2000) (reprehensible sexual comments and gestures did not violate inmate's constitutional rights absent evidence of contact). In addition, the PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without prior showing of physical injury." 42 U.S.C. § 1997e(e).

Here, while Fiore alleges defendant Larry made certain comments of a harassing nature, he does not allege that Larry or any other defendant touched him or otherwise made physical contact causing pain. Instead, he alleges only that Larry's comments caused injury of a mental or emotional nature. This allegation, even if true, would not support a cognizable claim under Section 1983. I recommend that defendants' motion for summary judgment on Fiore's sexual harassment claim be granted for this additional, alternative reason.

### 3. *Failure to Respond to Grievances*

Finally, Fiore alleges that his constitutional rights were violated because the defendants did not respond to his grievances. However, failing to process and/or respond to a prisoner's grievance does not state a constitutional claim. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). This is because a grievance procedure creates a procedural right only, not a substantive right. *Id*. For the same reason, the denial of a grievance does not give rise to a constitutional claim. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002). Thus, even if the defendants failed to respond to all of Fiore's grievances, that failure did not deprive him of a constitutionally protected federal right and no cognizable Section 1983 claim exists. *See, e.g., Van Zee v. Hanson*, 630 F.3d 1126, 1128 (8th Cir. 2011) (one element of a Section 1983 claim is "that the alleged conduct deprived the plaintiff of a constitutionally protected federal right."). I recommend that defendants' motion for summary judgment on Fiore's "failure to respond" claim be granted for this additional, alternative reason.[4]

---

[4] Because I have found that Fiore failed to raise genuine issues of material fact with regard to any of his claims, it is unnecessary to address defendants' arguments concerning qualified immunity in detail. Each individual defendant enjoys qualified immunity unless the facts demonstrate the violation of a clearly-established constitutional right. *See, e.g., Irving v. Dormire,* 519 F.3d 441, 446 (8th Cir. 2008). Because Fiore has made no such showing, each individual defendant is immune from suit. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). As for defendant WCSD, sheriff's departments are generally not considered legal entities that are amendable to suit under Section 1983. *See, e.g., Wade v. Tompkins*, 73 F. App'x 890, 893 (8th Cir. 2003). Even if WCSD could otherwise be sued, it is not subject to liability under Section 1983 unless Fiore demonstrates that the individual defendants committed unconstitutional acts pursuant to an officially-adopted policy or a permanent and well-settled unofficial custom. *See, e.g., Tilson v. Forrest City Police Dep't*, 28 F.3d 802, 807 (8th Cir. 1994). Because the record fails to show that any unconstitutional actions occurred, Fiore cannot make the showing that would be necessary to subject WCSD to liability.

## V. CONCLUSION AND RECOMMENDATION

For the reasons set forth herein, I RESPECTFULLY RECOMMEND that the defendants' motion (Doc. No. 17) for summary judgment be **granted** with respect to all claims and that Fiore's complaint be **dismissed with prejudice**.

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED.**

**DATED** this 5th day of February, 2015.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE