# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

ROBERT JOSEPH FIORE, II,

    Plaintiff,

vs.

DREW, WICK, STILLMAN, PHILLIPS, LARRY, GEORGE, DELANEY, WOODBURY COUNTY SHERIFF'S DEPARTMENT,

    Defendants.

No. C14-4007-MWB

**MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

_____

# TABLE OF CONTENTS

*I.   INTRODUCTION AND BACKGROUND.............................................2*
    *A.   Procedural Background ..............................................................2*
    *B.   Factual Background ....................................................................4*
*II.  LEGAL ANALYSIS ...........................................................................6*
    *A.   Standard of Review......................................................................6*
    *B.   Fiore's Objections .......................................................................9*
        *1.   Exhaustion of administrative remedies.............................9*
        *2.   Sexual harassment claim ................................................. 11*
        *3.   Qualified immunity ......................................................... 12*
        *4.   Defendants' credibility ................................................... 14*
*III. CONCLUSION ................................................................................. 14*

## I. INTRODUCTION AND BACKGROUND

### A. *Procedural Background*

On June 25, 2014, plaintiff Robert Joseph Fiore, II filed a *pro se* Complaint naming as defendants David Drew, the Sheriff of Woodbury County, Todd Wieck, a Major in the Woodbury County Sheriff's Department, Greg Stillman, a Major in the Woodbury County Sheriff's Office, Lynette Phillips, a Lieutenant and Jail Administrator of the Woodbury County Jail ("the Jail"), Larry and George, nurses at the Jail, Brigid Delany, a corrections officer at the Jail, and the Woodbury County Sheriff's Department (collectively, "defendants," unless otherwise indicated).[1] Fiore claims that defendants violated his constitutional rights while he was incarcerated at the Jail.

This case was referred to United States Magistrate Judge Leonard T. Strand pursuant to 28 U.S.C. § 636(b)(1)(B). Defendants filed a motion for summary judgment in which they seek dismissal of all claims against them. In their motion, defendants argue that: (1) Fiore failed to exhaust all available administrative remedies as required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e (PLRA), causing his claims to fail as a matter of law; (2) there is no genuine issue of material fact regarding Fiore's claims, (3) the individual defendants, in their personal capacities, are entitled to qualified immunity, and (4) the Woodbury County Sheriff's Department is not subject to liability under § 1983. Fiore filed a resistance. Defendants filed a timely reply.

Judge Strand issued a Report and Recommendation in which he recommends granting defendants' motion for summary judgment. Judge Strand found that Fiore failed to properly exhaust all available remedies for the allegations described in his complaint.

---

[1] In his *pro se* Complaint, Fiore named the individual defendants by either their first or last name only. The defendants have provided additional information about the individually named defendants.

Thus, Judge Strand recommends that Fiore's claims be dismissed for failure to exhaust available administrative remedies. Report and Recommendation at 8. Judge Strand further concludes that defendants have established, as a matter of law, that Fiore did not suffer from an objectively serious medical need. Thus, Judge Strand recommends that defendants' motion for summary judgment also be granted on that ground as to Fiore's claim of cruel and unusual punishment based on deprivation of medical care. Report and Recommendation at 10. Judge Strand also concludes that Fiore's allegations, even if true, do not support a cognizable § 1983 claim for sexual harassment. Therefore, Judge Strand recommends that defendants' motion for summary judgment on Fiore's sexual harassment claim be granted for this additional, alternative reason. Report and Recommendation at 11. Judge Strand further concludes that, even if the defendants failed to respond to Fiore's grievances, such a failure does not constitute a constitutionally protected federal right and, thus, no cognizable § 1983 claim exists. Accordingly, Judge Strand recommends that defendants' motion for summary judgment on Fiore's "failure to respond" claim be granted for this additional, alternative reason. Report and Recommendation at 12. Finally, Judge Strand concludes that each individual defendant has qualified immunity because Fiore failed to demonstrate the violation of a clearly-established constitutional right and the Woodbury County Sheriff's Department is not subject to liability under § 1983 because Fiore has not made a showing of a constitutional violation that would subject it to liability. Report and Recommendation at 12 n.4.

Fiore filed objections to Judge Strand's Report and Recommendation.[2] Fiore objects to Judge Strand's finding that he did not exhaust all available administrative remedies. Fiore also objects to Judge Strand's conclusion that he is not entitled to relief

---

[2] Fiore's objections are hand written in cursive pencil. As a result, Fiore's objections are extremely difficult to read.

on his sexual harassment claim. Fiore further objects to Judge Strand's conclusion that the individual defendants are entitled to qualified immunity. Finally, Fiore objects to Judge Strand's Report and Recommendation based on a challenge to the credibility of defendants. Defendants filed a timely response to Fiore's objections.

### B. Factual Background

In his Report and Recommendation, Judge Strand found the following facts were undisputed:

> Fiore was incarcerated at the Jail from January 11, 2013, until April 12, 2013, when he was transferred to the Rowan County Detention Center in Salisbury, North Carolina, for pending criminal charges in that state. Fiore completed and signed an "Inmate Medical Screening Form" when he was booking into the Jail on January 11, 2013. Among other things, he indicated that he did not have diabetes, was not currently on any medication, had no injuries, did not need to see a mental health professional, had reviewed his answers carefully and had answered all questions correctly.
>
> At all times material to this action an inmate grievance policy was in effect at the Jail. The policy consisted of Section 5.19(2) of the "Woodbury County Sheriff's Office–Jail Division Procedures and Guidelines," which stated: "The [correctional] officer should advise the inmate [with a grievance of significance] that the grievance must be in written form and a full explanation be given." The policy also consisted of the "Woodbury County Jail Inmate Rule Book" (the "Rule Book"), which contained the inmate grievance procedure. Copies of the Rule Book were provided in each cell block. Fiore had access to the Rule Book while he was incarcerated at the Jail.

4

The Rule Book permitted inmates to submit informal and formal grievances. An informal grievance consisted of an inmate discussing the specific problem with a staff member. The Rule Book further provided that if the inmate believed appropriate actions were not taken to address the grievance, the inmate could submit a formal grievance to the Jail Administrator. Formal grievances were to be in writing and submitted within seven days of the occurrence that was the subject of the grievance. Written grievances were required to "[c]learly define the situation in question, and the facts upon which it is based; [s]pecify the wrongful act or situation, and describe the harm done; . . . and [s]pecify a requested remedy."

The Jail retains all letters and other correspondence, including grievances, from inmates to Jail personnel. Each item of correspondence from inmates to Jail personnel is known as a "kite." A copy of each kite is placed in the inmate's file maintained by the Jail. Fiore submitted kites while at the Jail. However, none of those kites included complaints regarding the Jail's alleged failure to provide medication for Fiore's alleged diabetes, various mental disorders or past injuries related to a motorcycle accident. Nor did any of the kites contain a request for an extra mattress. One kite, addressed to defendant Drew, mentioned that Fiore wanted to discuss "sexual harassment by a male nurse." However, that kite did not identify the nurse, provide factual details about the incident or state the date on which the incident occurred.

While Fiore alleges in his complaint that he wrote eleven letters to defendant Phillips, he admits that each letter requested only an extra mattress. Moreover, Fiore's complaint admits that during a meeting with Phillips, Fiore stated "All I needed was a [sic] extra 'matteress' [sic] . . . ." Finally, Fiore's complaint admits that the Jail did, in fact, provide him with an extra mattress.

Report and Recommendation at 3-4.[3]

## II. LEGAL ANALYSIS

### A. Standard of Review

Before considering whether or not to accept Judge Strand's Report and Recommendation, I will first set out my standard of review. The applicable statute provides for *de novo* review by the district judge of a magistrate judge's report and recommendation, when objections are made, as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). Thus, "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The United States Supreme Court has explained that, although the statute provides for review

---

[3]Fiore did not file a response to defendants' statement of material undisputed facts as required by Local Rule 56(b)(2). Local Rule 56(b)(2) requires, *inter alia*, that a party resisting a motion for summary judgment file, "A response to the statement of material facts in which the resisting party expressly admits, denies, or qualifies each of the moving party's numbered statements of fact." N.D. IOWA CIV. R. 56(b)(2). By not filing such a response, Fiore is deemed to have admitted each of the facts contained in defendants' statement. *See* N.D. IOWA CIV. R. 56(b).

6

when objections are made, the statutory standard does not preclude review by the district court in other circumstances:

> [W]hile the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

*Thomas*, 474 U.S. at 154. Thus, the specific standard of review may depend upon whether or not a party has objected to portions of the report and recommendation. I will explain what triggers each specific standard of review in a little more detail.

If a party files an objection to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In most cases, to trigger *de novo* review, "objections must be timely and specific." *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). However, the Eighth Circuit Court of Appeals has been willing to "liberally construe[]" otherwise general pro se objections to require a *de novo* review of all "alleged errors," *see Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995), and has also been willing to conclude that general objections require "full *de novo* review" if the record is concise, *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) ("Therefore, even had petitioner's objections lacked specificity, a *de novo* review would still have been appropriate given such a concise record.").

When objections have been made, and the magistrate judge's report is based upon an evidentiary hearing, "'the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing.'" *United States v. Azure*, 539 F.3d 904, 910 (8th Cir. 2008) (quoting *Jones v. Pillow*, 47 F.3d 251, 252 (8th Cir. 1995), in turn quoting *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)). Judge Strand did not hold an evidentiary hearing on the motion, nor did he consider oral arguments on the

7

motion. Instead, he considered only the parties' written submissions, and I have done the same.

In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150; *see also Peretz v. United States*, 501 U.S. 923, 939 (1991) (stating that § 636(b)(1) "provide[s] for de novo review only when a party objected to the magistrate's findings or recommendations"); *United States v. Ewing*, 632 F.3d 412, 415 (8th Cir. 2011) ("By failing to file objections, Ewing waived his right to de novo review [of a magistrate judge's report and recommendation on a suppression motion] by the district court."). Indeed, *Thomas* suggests that no review at all is required. *Id*. ("We are therefore not persuaded that [§ 636(b)(1)] requires some lesser review by the district court when no objections are filed.").

Nevertheless, a district court may also review *de novo* any issue in a magistrate judge's report and recommendation at any time. *Id*. at 154. This discretion to conduct *de novo* review of any issue at any time makes sense, because the Eighth Circuit Court of Appeals has "emphasized the necessity . . . of retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk*, 15 F.3d at 815. Also, the Eighth Circuit Court of Appeals has indicated that, at a minimum, a district court should review the portions of a magistrate judge's report and recommendation to which no objections have been made under a "clearly erroneous" standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that, when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting that the advisory committee's note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the

8

record"). Review for clear error, even when no objection has been made, is also consistent with "retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk*, 15 F.3d at 815.

Although neither the Supreme Court nor the Eighth Circuit Court of Appeals has explained precisely what "clear error" review means in this context, in other contexts, the Supreme Court has stated that the "foremost" principle under this standard of review "is that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

I will review Judge Strand's Report and Recommendation with these standards in mind.

### B. *Fiore's Objections*

#### 1. *Exhaustion of administrative remedies*

Fiore first objects to Judge Strand's finding that he did not exhaust all available administrative remedies. Fiore contends that he exhausted all available administrative remedies by "filing" two medical request forms.

The PLRA provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Thus, there is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court. *See Jones v. Bock*, 549 U.S. 199, 210-17 (2007);); *see also King v. Iowa Dep't of Corr.*, 598 F.3d 1051, 1053-

54 (8th Cir. 2010) (holding inmate must complete administrative exhaustion process in accordance with applicable procedural rules, including deadlines, as precondition to bringing suit). "To properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules.'" *Jones*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). The applicable procedural rules are defined not by the PLRA but by the prison grievance process itself. *Id*. at 218. However, under the PLRA, failure to exhaust administrative remedies is an affirmative defense, which a prisoner is not required to plead or demonstrate in his or her complaint. *See Jones*, 549 U.S. at 216; *see also Hahn v. Armstrong*, 407 Fed. App'x 77, 78 (8th Cir. 2011); *Lenz v. Wade*, 991, 993 n.2 (8th Cir. 2007); *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005). Rather, defendants bear the burden to establish a prisoner's failure to exhaust. *See Jones*, 549 F.3d at 216. When the exhaustion defense has been properly raised, the Eighth Circuit Court of Appeals has held that a district court is "obligated" to determine whether or not the administrative remedies have been exhausted. *See Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

The Eighth Circuit Court of Appeals has "only excused inmates from complying with an institution's grievance procedures when officials have prevented prisoners from utilizing the procedures or when officials themselves have failed to comply with the grievance procedures." *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (internal citations omitted). Although Fiore claims that he exhausted all available administrative remedies by "filing" two medical request forms, no such medical request forms are in record. Moreover, even if Fiore could establish that he made medical requests, this would not establish that he complained to any of the defendants about not receiving necessary medical care. Thus, I conclude that Fiore did not exhaust his remedies in accordance with 42 U.S.C. § 1997e(a) and his objection to Judge Strand's Report and

Recommendation is overruled. Dismissal is mandatory under such circumstances. *See Porter v. Sturm*, 781 F.3d 448, 452 (8th Cir. 2015); *see also Hammett v. Cofield*, 681 F.3d 945, 949 (8th Cir. 2012) (*per curiam*) (affirming, in part, dismissal without prejudice for § 1997e(a) failure to exhaust); *Washington v. Uner*, 273 Fed. App'x 575, 577 (8th Cir. 2008) (*per curiam*) (modifying district court's dismissal to clarify that § 1997e(a) failure to exhaust is dismissed without prejudice); *Maddix v. Crawford*, 216 Fed. App'x 605, 606 (8th Cir. 2007) (*per curiam*) (same).

### 2. *Sexual harassment claim*

Fiore's second objection is to Judge Strand's finding that he is not entitled to relief on his sexual harassment claim. Fiore argues that he can establish that defendant Larry made an inappropriate remark toward him constituting sexual harassment and that defendant Larry's remark caused him mental or emotional anguish. Fiore, however, does not allege that defendant Larry touched or physically injured him.

In order to establish his constitutional claim of sexual harassment, Fiore must prove, "as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). In addition, the Eighth Circuit Court of Appeals has held that verbal sexual harassment, "absent contact or touching, does not constitute unnecessary and wanton infliction of pain" and is insufficient to constitute an Eighth Amendment violation.[4] *See Howard v. Everett*, 208 F.3d 218, 2000 WL 268493, at *1 (8th Cir. Mar. 10, 2000) (holding that verbal sexual harassment by correctional officer

---

[4]The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without prior showing of physical injury." 42 U.S.C. § 1997e(e).

11

did not violate inmate's constitutional rights absent evidence of contact). Fiore does not allege that defendant Larry or any other defendant touched him or otherwise made physical contact causing pain. Thus, Fiore's assertion that defendant Larry made an inappropriate remark toward him fails to constitute a constitutional claim. *Compare Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (holding mere verbal threats insufficient), *and Ellingberg v Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (name calling held insufficient), *with Seltzer-Bey v. Delo*, 66 F.3d 961, 962–63 (8th Cir. 1995) (allegations that prison guard conducted daily strip searches, made sexual comments about prisoner's penis and buttocks, and rubbed prisoner's buttocks with nightstick were sufficient to withstand motion for summary judgment), *and Watson v. Jones*, 980 F.2d 1165, 1165–66 (8th Cir. 1992) (allegations that prison guard performed almost daily pat-down searches, tickled inmates, and deliberately examined genital, anus, lower stomach, and thigh areas were sufficient to withstand summary judgment motion). Accordingly, because Fiore has the burden of proof and has failed to show that any genuine issues of material fact exist with regard to the physical contact requirement of his sexual harassment claim, his objection is overruled.

### 3. *Qualified immunity*

Fiore's next objection is to Judge Strand's finding that the individual defendants are entitled to qualified immunity. The Eighth Circuit Court of Appeals has observed that:

> Qualified immunity shields government officials from civil liability insofar as their conduct in performing discretionary functions "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982). Qualified immunity provides "ample room for mistaken judgments," *Malley v. Briggs*, 475 U.S. 335, 343, 106 S. Ct. 1092, 89 L.Ed.2d 271

> (1986), and protects "all but the plainly incompetent or those who knowingly violate the law," *id*. at 341, 106 S. Ct. 1092. "To overcome the defense of qualified immunity the plaintiff must show: '(1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation.'" *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (quoting *Howard v. Kansas City Police Dep't*, 570 F.3d 984, 988 (8th Cir. 2009)).

*Meehan v, Thompson*, 763 F.3d 936, 940 (8th Cir. 2014). A defendant is entitled to qualified immunity if the right that defendant violated was not "clearly established" at the time of that defendant's actions. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 202.

Fiore has not pointed to anything in the summary judgment record which would permit a reasonable fact finder to conclude that defendants deprived him of a constitutional or statutory right. As discussed above, Fiore makes no claims that defendant Larry or any other defendant touched him or otherwise made physical contact causing pain. Thus, Fiore's sexual harassment claim fails as a matter of law. *See Martin*, 780 F.2d at 1338; *Ellingberg*, 518 F.2d at 1197). Similarly, Fiore's claim that defendants ignored his grievances fails to demonstrate a deprivation of Fiore's constitutional rights. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (holding that the denial of grievances fails to state a substantive constitutional claim); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (same). In addition, defendants have established as a matter of law that Fiore did not suffer from an objectively serious medical need. Thus, Fiore's claim of cruel and unusual punishment based on deprivation of medical care fails as a matter of law. See *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). Thus, I

agree with Judge Strand's conclusion that each individual defendant has qualified immunity because Fiore has failed to demonstrate the violation of a clearly-established constitutional right. Accordingly, Fiore's objection is overruled.

### 4. *Defendants' credibility*

Finally, Fiore objects to Judge Strand's Report and Recommendation on the ground that the credibility of defendants Phillips and Delaney is questionable. Fiore bases his objection on a partial printout of his criminal history. Fiore disputes that he was charged with burglary after being arrested by the Woodbury County Sheriff in 2006. Whether or not Fiore was charged with burglary in 2006 is completely irrelevant to the issues in this lawsuit, where Fiore alleges defendants violated his rights while he was an inmate in the Jail from January 11, 2013 until April 12, 2013. Accordingly, this objection is also overruled.

## III. CONCLUSION

I accept Judge Strand's Report and Recommendation and, therefore, grant defendants' motion for summary judgment. All of plaintiff Fiore's claims against defendants are dismissed. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED** this 12th day of June, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA